Tanxor, Chief-Justice.
 

 The question to be decided in this case is, whether the Superior Court erred in refusing to instruct the jury, that
 
 Pugh
 
 had such an interest in the corn, that he should have joined in the action brought by
 
 Wilkes,
 
 and that
 
 Wilkes
 
 alone could not maintain
 
 it;
 
 and my opinion on the case, and
 
 Pugh's
 
 deposition is, that there was no error committed by the Court in refusing this instruction.
 

 The agreement made between the Plaintiff and
 
 Pugh,
 
 took place one or two months after the former had purchased the corn from
 
 John Wilkes,
 
 and it w as a part of that agreement, that, the Plaintiff was to receive and dispose of the corn, in his own name, in the same manner as if Pag/iiiad nothing to do with it. The agreement to this effect was private between them, and
 
 Pugh
 
 thinks
 
 *182
 
 it was unknown to any other person. It was consequent-iy unknown to
 
 John Wilkes,
 
 when lie shipped the corn, i 11 who must have believed that lie was acting as the agent of, and for the sole account of the Plaintiff
 
 Henry Wilkes.
 
 If therefore, when lie made the shipment, an express contract had.been made between him and the carrier,' it must have been made in the name of his. brother, and would have enured to his benefit; for the law will only imply that, which it may be supposed the parties would have expressed, had they defined the terms of the agreement.
 

 It follows, that
 
 John Wilkes
 
 was the agent for the Plaintiff alone, and that the latter was unknown in the contract of shipment. The case then falls within the rule, that the party with whom the contract was made, may alone sustain the action, although it turn out that another person, whose name is not mentioned, is secretly interested. Thus in the case of
 
 Lloyd
 
 v.
 
 Achbole,
 
 (2
 
 Taunton
 
 324) it was held that it is no ground of nonsuit in an action on a contract, that a dormant partner, who is not privy to the contract, and is not party to the suit, partakes of the benefit of the contract, and therefore ought to be joined as Plaintiff. The Court in that case, holding that the only ostensible partner who made the contract, was the only proper Plaintiff; for the only acting partner might owe.inuch money to the Defendant, which the Defendant might set off; but if the Plaintiff and t.iie dormant partner had sued, that debt of the acting partner could not be set off. “ If you can find out a dormant partner Defendant, you may make him pay, because he has had the benefit of your work; but a person with whom you have no privity of communication in your contract, shall not sue you,” (Ibid.) To the same effect are the cases cited from 2
 
 Esp. c.
 
 468—1
 
 M.
 
 &
 
 S.
 
 249, and several others.
 

 Upon general principles, I think thatPMgk was a partner with the Plaintiff, for though nothing whs expressed
 
 *183
 
 relative to a possible loss, yet he who takes a moiety of the profits, shall by operation of law be made liable to the losses ; and since by sharing tiie profits, he lessens that fund which is properly liable to the creditors for the payment of the debts, he is justly responsible to them. In such a case, it is not competent for a person having an interest in the profits, to withdraw his share from the liability, and deny his being a. partner. The question in many cases, is susceptible of
 
 different
 
 views, whether considered in relation to the parties themselves, or to third persons dealing with them. There may be a partnership as respects third persons, when the transaction would not be considered such, among the parties themselves. Indeed, there may be cases, in which it is the undoubted intention of the parties to the contract, that they should not be partners, as that one is to contribute neither labour or money, nor to receive any of the profits, yet if by lending his name as a partner, he gives credit to the house, he cannot, as against creditors, deny his being a partner, otherwise the greatest frauds might be practised. But it is needless to pursue this enquiry, for though X think that
 
 Pugh
 
 would have been considered as a partner, in respect to creditors, I am of opinion that he cannot join in the action as Plaintiff, for the reasons above stated.
 

 Per curiam. Judgment affirmed.